## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **5:26-cv-00444-DTB**                                    Date: **March 19, 2026**

Title:  **Marcia Hasley v. QVR International, LLC**
=================================================================

**DOCKET ENTRY**
=================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:                ATTORNEYS PRESENT FOR DEFENDANT(S):
              None present                                                        None present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING THE INSTANT ACTION FOR FAILURE TO PROSECUTE**

## I.
## PROCEDURAL HISTORY

On February 2, 2026, plaintiff Marcia Hasley ("Plaintiff") filed a Complaint against defendant QVR International, LLC ("Defendant") raising claims under the Telephone Consumer Protection Act.  (Docket No. 1).

On February 11, 2026, Plaintiff filed a proof of service of the Summons and Complaint.  (Docket No. 9).  An Answer from Defendant was due "within 21 days after being served with the summons and complaint."  Fed.R.Civ.P. 12(a)(1)(A)(i).  To date, however, Defendant has not filed an Answer to the Complaint.

On March 5, 2026, the Court issued an Order to Show Cause ("OSC") why the action should not be dismissed for failure to prosecute because Defendant had not filed an Answer nor had Plaintiff filed an application for entry of default pursuant to Federal Rule of Civil Procedure 55(a).  (Docket No. 11).  The Court ordered Plaintiff to file a response by March 12, 2026.  (Id.).  The Court warned Plaintiff that "failure to timely file a response [to the OSC] will result in this action being dismissed without prejudice." (Id.).  To date, Plaintiff has not filed a response to the OSC.  Additionally, the Court has not received any communications from Plaintiff since February 11, 2026.

MINUTES FORM 11                                                    Initials of Deputy Clerk  RAM
CIVIL-GEN

# II.
## <u>DISCUSSION</u>

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. <u>See</u> Fed.R.Civ.P. 41(b); <u>Omstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute) overruled on other grounds by <u>Langere v. Verizon Wireless Servs., LLC,</u> 983 F.3d 1115, 1117 (9th Cir. 2020); <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Omstead</u>, 594 F.3d at 1084 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not responded to the Court's March 5, 2026 OSC. (Docket No. 11). This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. <u>See</u> <u>Morris v. Morgan Stanley</u>, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been instructed on her responsibilities and warned of the consequences of failure to do so. (<u>See</u> Docket No. 11). Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown she is

either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see Docket No. 11.

### III.
### CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk  RAM